IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIATU KARGBO, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. GJH-19-2921 |
| STATE OF MARYLAND COURT OF APPEALS, and | * | |
| MARYLAND ATTORNEY BOARD GRIEVANCE, | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Mariatu Kargbo filed a complaint on October 4, 2019, together with a motion for leave to proceed in forma pauperis. By Order dated October 22, 2019, the Court determined that Plaintiff will be granted leave to proceed in forma pauperis. Plaintiff was also granted fourteen (14) days to file an amended complaint. ECF No. 4.

Plaintiff filed an amended complaint on November 13, 2019, after the 14 days had expired, and in the complaint requested that the court grant an extension to allow the late filing of the amended complaint. ECF No. 5. The Court deems the amended complaint to be timely filed by the plaintiff.

Plaintiff alleged in her complaint that the Maryland Court of Appeals issued an order on November 7, 2017 to place her license to practice law on inactive status. Plaintiff was granted the opportunity to amend the complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a). Plaintiff was specifically directed to allege how each Defendant is involved in this matter; how each Defendant violated her rights under federal law; and state what relief she seeks. ECF No. 5. Plaintiff was also forewarned that failure to file an

adequate amended complaint would result in dismissal of the complaint without prejudice and without further notice.

The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This Court's Order directing plaintiff to amend the complaint, noting the deficiencies therein, provided a blueprint for correcting those deficiencies.  Upon review of the amended complaint, the noted deficiencies have not been corrected. Plaintiff merely provides one sentence to describe her claim and again fails to provide sufficient information to support her claim against defendants.

Further, the amended complaint fails to provide information indicating that the court has jurisdiction over plaintiff's claim that her license to practice law was wrongly "revoked."

> There is no question that the Court of Appeals of Maryland has exclusive jurisdiction over who is and is not admitted to practice law in Maryland. "Since the passage of Ch. 139 of the Laws of 1898 ... the Court of Appeals in the exercise of its inherent and fundamental judicial powers has supervised, regulated and controlled the admission of lawyers." *Maryland State Bar Ass'n v. Boone*, 255 Md. 420, 429 (1969); *see also In re Application of Kimmer*, 392 Md. 251, 269 (2006) ("[I]t has been clear, since 1898, that the Court of Appeals has had exclusive jurisdiction over the regulation of, and admission to, the practice of law."), *Application of Alien S.*, 282 Md. 683, 689 (1978) ("Upon [the Court of Appeals] falls the primary and ultimate responsibility for regulating the practice of law and the conduct and admission of attorneys in this State."), *Bastion v. Watkins*, 230 Md. 325, 329 (1963) ("[I]n 1898, following a definite trend toward uniformity that apparently began as early as 1831, the Court of Appeals of Maryland was vested with exclusive power to admit applicants to practice law.").

*Phillips v. Maryland Board of Law Examiners*, 2019 WL 6954436, slip op. at *4 (D. Md. Dec. 19, 2019).  Plaintiff has not provided information indicating this court has jurisdiction and her amended complaint may not proceed.

The amended complaint must be dismissed for failure to comply with this Court's Order. *See Goode v. Central Virginia Legal Aid Society, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015) and for lack of jurisdiction.

2

Accordingly, the Motion to Proceed in Forma Pauperis will be granted, the amended complaint is deemed timely filed and the amended complaint will be dismissed. A separate order follows.

Dated this 29th day of August, 2020.

                                                                     /s/
                                                  GEORGE J. HAZEL
                                                  UNITED STATES DISTRICT JUDGE